United States District Court
Middle District of Florida
Jacksonville Division

**NORTH AMERICAN SPECIALTY INSURANCE COMPANY,**

    *Plaintiff,*

v.                                                                                                                        No. 3:18-cv-1084-J-PDB

**PIPELINE CONTRACTORS, INC., ET AL.,**

    *Defendants.*

## Order

The plaintiff, North American Specialty Insurance Company, sues the defendants, Pipeline Contractors, Ronald Denmark, and Jo Ann Denmark, alleging breach of a general indemnity agreement. Doc. 1. Before the Court is the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement under Rule 12(e), Doc. 9, and the plaintiff's response, Doc. 10.

The complaint includes these allegations.[1] The parties entered into a general indemnity agreement under which the defendants agreed to "exonerate, hold harmless and indemnify" the plaintiff "from and against any and all liability, loss, costs, damages, fees of attorneys and consultants, and other expenses" the plaintiff incurs "by reason of or in consequence of" the plaintiff's execution of bonds. Doc. 1 ¶¶ 9–10. Relying on the agreement, the plaintiff issued payment and performance

---

[1]To decide a motion to dismiss under Rule 12(b)(6), a court may consider factual allegations in the complaint, items attached to the complaint, anything extrinsic to the complaint that is central to the claim and without challenge to its authenticity, and any judicially noticeable facts. *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). The court must accept factual allegations as true and construe them in the light most favorable to the non-movant. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

bonds for three projects. Doc. 1 ¶ 11. For each project, the plaintiff received "numerous" claims against the bonds and ultimately incurred and paid claimants $758,048.55 in "losses, costs and damages." Doc. 1 ¶¶ 12–13, 15. The defendants failed to indemnity and hold harmless the plaintiff. Doc. 1 ¶ 13. The plaintiff "complied with all the terms and conditions" of the indemnity agreement or the defendants "excused" compliance. Doc. 1 ¶ 17. "All conditions precedent to maintaining this action have occurred, been excused, or otherwise been waived." Doc. 1 ¶ 18.

To the complaint, the plaintiff attaches the indemnity agreement and the bonds. Docs. 1-1, 1-2, 1-3, 1-4. Some bonds or bond-term sheets are unsigned or signed only by Mr. Denmark as the president of Pipeline Contractors. Doc. 1-2 at 1, 3; Doc. 1-3 at 3, 7; Doc. 1-4 at 4, 5, 8. Paragraph 12 of the agreement provides:

> The liability of the Indemnitors [the defendants] hereunder shall not be affected by the failure of any party to sign any such bond, nor by any claim that other indemnity or security was to have been obtained, nor by the release of any indemnity or Indemnitor, nor by the return or exchange of any collateral that may have been obtained; and if any party signing this instrument is not bound for any reason, this obligation shall still be binding upon each and every other party.

Doc. 1-1 at 2, ¶ 12.

In the motion to dismiss, the defendants argue the plaintiff fails to state a claim on which relief may be granted because of the absence of signatures on some bonds or bond-term sheets. Doc. 9 at 3. The defendants also argue the plaintiff failed to sufficiently plead: the circumstances under which the plaintiff had paid claimants under the bonds; whether the defendants had been in default and the details of the default; whether the payees had provided the plaintiff with timely notice of any default or nonpayment; whether the plaintiff had reasonably investigated the paid claims; the details of the plaintiff's payments (who, when, and amount); whether the plaintiff had made the payments in good faith; whether the plaintiff had asked the defendants for reimbursement; and whether the plaintiff had provided the

defendants with a sworn itemized statement of the payments. Doc. 9 at 4–5. The defendants alternatively seek a more definite statement to allow them to "craft a reasonable answer or to craft affirmative defenses with adequate specificity." Doc. 9 at 5. At a minimum, they seek the identities of the claimants the plaintiff paid under the bonds, the dates of the payments, the amounts of the payments, the projects associated with the payments, and documentation showing the plaintiff actually made the payments. Doc. 9 at 5–6.

Several procedural rules apply. Under Federal Rule of Civil Procedure 8(a)(2), a "pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(b) and (c), in a responsive pleading, a defendant must deny an allegation, admit an allegation, or state it "lacks knowledge or information sufficient to form a belief about the truth of an allegation," which serves as a denial. Under Rule 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Under Rule 12(e), a party may move for a more definite statement of a pleading that "is so vague or ambiguous that [a] party cannot reasonably prepare a response." And under Rule 15(a)(2), a court must "freely give leave" to amend "when justice so requires."

To survive Rule 12(b)(6) dismissal, a complaint must allege facts, accepted as true, that state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the movant shows beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, dismissal is warranted. *Levine v. World Fin. Network Nat. Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006).

Courts construe an indemnity agreement according to ordinary rules of contract construction. *Improved Benevolent & Protected Order of Elks of the World, Inc. v. Delano*, 308 So. 2d 615, 617 (Fla. Dist. Ct. App. 1975). To recover under an indemnity agreement, a surety must show (1) breach of a valid indemnity agreement, (2) loss incurred, (3) facts for which there was coverage, and (4) reasonableness of the

amount claimed. *Fidelity & Guar. Ins. Co. v. Ford Motor Co.*, 707 F. Supp. 2d 1300, 1313 (M.D. Fla. 2010) (citing *Port Everglades Auth. v. R.S.C. Indus., Inc.*, 351 So. 2d 1148, 1150 (Fla. Dist. Ct. App. 1976)). The indemnity agreement, not the bond, delineates the rights and obligations of the principal and the surety. *Aetna Ins. Co. v. Buchanan*, 369 So. 2d 351, 354 (Fla. Dist. Ct. App. 1979).[2]

The defendants provide no basis for dismissal or a more definite statement. As Rule 8(a)(2) directs, the plaintiff provided a "short and plain statement" of the claim showing the plaintiff is "entitled to relief." *See* Rule 8(a)(2) (quoted).

On the absence of signatures, as the plaintiff observes, its allegations that it issued the bonds in reliance on the indemnity agreement and paid amounts under the bonds suffice and, moreover, paragraph 12 of the indemnity agreement provides the failure of any party to sign any bond does not affect the defendants' liability under the agreement. Doc. 10 at 4; Doc. 1-1 at 3, ¶ 12.

On the failure to plead conditions precedent, as the plaintiff observes, it pleaded that all conditions precedent have occurred, been excused, or otherwise been waived, and that statement—with the specific factual allegations and inclusion of the indemnity agreement and bonds themselves—make plausible a claim for breach of the indemnity agreement. *See* Doc. 10 at 5.

On the request for a more definite statement, the complaint is typical of one for breach of an indemnity agreement, is neither vague nor ambiguous—especially

---

[2]In a diversity action, a federal district court must apply the substantive law of the forum state, *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938), including its conflicts-of-law principles, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Florida conflicts-of-law principles, the law of the place where a contract is executed or to be performed determines its nature, validity, and interpretation. *Rando v. Gov't Employees Ins. Co.*, 556 F.3d 1173, 1176 (11th Cir. 2009); *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So. 2d 1160, 1163–64 (Fla. 2006). Here, because the indemnity agreement was signed in Florida and the bonds were executed in Florida for work to be performed in Florida, Florida law governs. The parties do not contend otherwise.

considering its inclusion of the indemnity agreement and bonds themselves—, and does not prevent the defendants from reasonably preparing a responsive pleading indicating they admit an allegation, deny an allegation, or lack knowledge or information sufficient to form a belief about the truth of an allegation. *See* Fed. R. Civ. P. 8. Discovery is available to them to learn the additional details they seek. And the liberal amendment standard is available to them to assert any affirmative defense they could not have asserted without discovery.[3]

The Court **denies** the defendants' motion to dismiss or for a more definite statement, Doc. 9. Unless the action is settled at the upcoming mediation conference, the defendants must answer the complaint by **June 13, 2019**.

**Ordered** in Jacksonville, Florida, on May 24, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record

---

[3]A responsive pleading need not contain factual allegations to support an affirmative defense. *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-cv-900-J-39PDB, 2014 WL 2527162, at * 3 (M.D. Fla. May 6, 2014) (unpublished).